UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| In re:<br>    Gary Kevin Coats,<br>                        Debtor, | Case Number 09-01032-8-SWH<br>(Chapter 7) |
| David M. Warren, Trustee in<br>Bankruptcy for Gary Kevin Coats,<br>                        Plaintiff | |
| vs. | Adversary Proceeding No. 09-00194-8-SWH |
| Gary Kevin Coats and<br>Roi Parker,<br>                        Defendants. | |

**AMENDED ANSWER**

COMES NOW, the Defendant, Gary Kevin Coats, ("Defendant"), and files this Amended Answer to the Amended Complaint, filed by David M. Warren, the Chapter 7 Trustee and ("Plaintiff") in this action, saying as follows:

**First Defense**
(Motion to Dismiss Causes of Action numbers Five and Six)

The Defendant moves to dismiss causes of action numbers Five and Six on the grounds that the claims are generally inapplicable to the acts and omissions alleged by the Plaintiff, that there is no basis in law for said claims, and that the Plaintiff does not have standing to bring said claims.

**Second Defense**
(Responses to Allegations of Specific Numbered Paragraphs of Complaint)

The Defendant responds to the allegations contained in the numbered paragraphs as

follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted, except that the person the Trustee responded to was, in fact, the Defendant, not Parker. The Trustee was unaware at the time that he was communicating with Defendant.

10. Admitted, except that the Defendant actually forwarded the referenced email.

11. Admitted, except that it was the Defendant who sent the email.

12. Admitted, except that the email was actually to Defendant.

13. Admitted, except that it was the Defendant who sent the email.

14. Admitted, except that it was the Defendant who sent the email.

15. Admitted, except that it was the Defendant to whom the email was sent and who sent the email in reply.

16. Admitted, except that it was the Defendant who sent the email.

17. Admitted, except that it was the Defendant who sent the email.

18. Admitted, except that the correspondence was actually to Defendant.

19. Admitted, except that the email was actually from Defendant.

20. Admitted, except that the email was actually from Defendant.

21. Admitted, except that the email was actually from Defendant.

22. Admitted, except that the email was actually from Defendant.

23. Admitted, except that the correspondence was actually to Defendant

24. Admitted, except that the correspondence was actually from Defendant.

25. Admitted, except that it was the Defendant to whom the email was sent and who sent the email in reply.

26. Admitted, upon information and belief.

27. Admitted, except that the email was actually from Defendant.

28. Admitted.

29. Admitted, upon information and belief.

30. Admitted, except that the correspondence was actually to the Defendant.

31. Admitted, except that the email was actually from Defendant.

32. It is denied that the Defendant was threatening the Trustee, otherwise the allegations are admitted.

33. Admitted, except that the email was actually from Defendant.

34. The Defendant is without sufficient knowledge and information to state with certainty the substance of the Plaintiff's communication with third parties, and therefore this allegation is denied.

35. The Defendant is without sufficient knowledge and information to state with certainty the substance of the Plaintiff's communication with third parties, and therefore this allegation is denied.

36. Admitted.

37. The Defendant is without sufficient knowledge and information to state with certainty the

substance of the Plaintiff's communication with third parties, and therefore this allegation is denied.

38. The Defendant is without sufficient knowledge and information to state with certainty the substance of the Plaintiff's communication with third parties, and therefore this allegation is denied.

39. The Defendant is without sufficient knowledge and information to state with certainty the substance of the Plaintiff's communication with third parties, and therefore this allegation is denied.

40. The Defendant is without sufficient knowledge and information to state with certainty the substance of the Plaintiff's communication with third parties, and therefore this allegation is denied.

41. The Defendant is without sufficient knowledge and information to state with certainty the substance of the Plaintiff's communication with third parties, and therefore this allegation is denied.

42. The Defendant is without sufficient knowledge and information to state with certainty the substance of the Plaintiff's communication with third parties, and therefore this allegation is denied.

43. Denied.

44. No response required.

45. The Defendant is without sufficient knowledge and information to state with certainty the substance of the Plaintiff's communication with third parties, and therefore this allegation is denied.

46. Admitted.

47. Admitted.

48. Admitted.

49. Admitted.

50. Admitted, except that the Trustee was actually, unwittingly, deal with Defendant.

51. Admitted.

52. The Defendant is without sufficient knowledge and information to state with certainty the substance of the Plaintiff's communication with third parties, and therefore this allegation is denied, except that it is admitted that the Parkers never engaged Parker or Defendant to represent them in any purchase.

53. Admitted, except that the Defendant was not fully cognizant of the fact that the Plaintiff was vested with title to the Property.

54. Admitted.

55. The Defendant is without sufficient knowledge and information to state with certainty the substance of the Plaintiff's communication with third parties, and therefore this allegation is denied.

56. The Defendant is without sufficient knowledge and information to state with certainty the substance of the Plaintiff's communication with third parties, and therefore this allegation is denied.

57. Admitted.

58. Admitted.

59. Admitted.

60. The Defendant is without sufficient knowledge and information to state with certainty the substance of the Plaintiff's communication with third parties, and therefore this allegation

is denied.

61. Admitted.

62. The Defendant is without sufficient knowledge and information to state with certainty the substance of the Plaintiff's communication with third parties, and therefore this allegation is denied.

63. The Defendant is without sufficient knowledge and information to state with certainty the substance of the Plaintiff's communication with third parties, and therefore this allegation is denied.

64. The Defendant is without sufficient knowledge and information to state with certainty the substance of the Plaintiff's communication with third parties, and therefore this allegation is denied.

65. The Defendant is without sufficient knowledge and information to state with certainty the substance of the Plaintiff's communication with third parties, and therefore this allegation is denied.

66. No response required.

67. It is generally admitted that the Defendant took actions that would have deprived the Estate of assets, and that those actions did, in fact, hinder and delay the efforts of the Trustee in garnering assets and administering the Estate. The Defendant states that the actions taken, while inappropriate and not legal, were not taken with malice towards the Plaintiff, but in accordance with what the Defendant foolishly thought was allowable and in his best interest to obtain some of the proceeds from the Sale of the Property. The Defendant denies that his Discharge should be denied.

68. No response required.

69. It is generally admitted that the Defendant took actions that would have deprived the Estate of assets, and that those actions did, in fact, hinder and delay the efforts of the Trustee in garnering assets and administering the Estate. The Defendant states that the actions taken, while inappropriate and not legal, were not taken with malice towards the Plaintiff, but in accordance with what the Defendant foolishly thought was allowable and in his best interest to obtain some of the proceeds from the Sale of the Property. The Defendant denies that his Discharge should be denied.

70. No response required.

71. It is generally admitted that the Defendant took actions that would have deprived the Estate of assets, and that those actions did, in fact, hinder and delay the efforts of the Trustee in garnering assets and administering the Estate. The Defendant states that the actions taken, while inappropriate and not legal, were not taken with malice towards the Plaintiff, but in accordance with what the Defendant foolishly thought was allowable and in his best interest to obtain some of the proceeds from the Sale of the Property. The Defendant denies that his Discharge should be denied.

72. No response required.

73. It is admitted that the Defendant should pay actual damages to the Estate due to his afore-mentioned actions and omissions. It is specifically denied that Roi Parker had anything to do with the acts and omissions giving rise to Plaintiff's complaint, and the Defendant believes the complaint should be dismissed against Parker.

74. No response required.

75. Denied.

76. No response required.

77.     Denied.

WHEREFORE, the Defendant prays the Court for an order denying, or limiting the relief sought by Plaintiff, and that the Court allow the Debtor's Discharge, and for any other and further relief the Court deems appropriate.

DATED:     May 6, 2010                                  Bradford Law Offices

                                                                       __S/Danny Bradford_____
                                                                       Danny Bradford
                                                                       NC Bar. No. 23011
                                                                       6512 Six Forks Road, Suite 304
                                                                       Raleigh, NC 27615
                                                                       (919)758-8879

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all parties in interest with this Amended Answer, by CM/ECF Electronic service and/or by placing a copy of same in the United States Mail, with adequate postage thereon, addressed as follows:

Bankruptcy Administrator
434 Fayetteville Street
Suite 620
Raleigh, NC 27602

David M. Warren
Attorney for Plaintiff and Trustee
PO Box 1801
Raleigh, NC 27602

DATED:    May 6, 2010

Bradford Law Offices

_S/Danny Bradford_____
Danny Bradford
NC Bar No. 23011
6512 Six Forks Rd, Suite 304
Raleigh, NC 27615
(919)758-8879

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| In re:<br>    Gary Kevin Coats,<br>                        Debtor, | Case Number 09-01032-8-SWH<br>(Chapter 7) |
| David M. Warren, Trustee in<br>Bankruptcy for Gary Kevin Coats,<br>                        Plaintiff | |
| vs. | Adversary Proceeding No. 09-00194-8-SWH |
| Gary Kevin Coats and<br>Roi Parker,<br>                        Defendants. | |

**VERIFICATION**

I, Gary Kevin Coats, Debtor and Defendant in this action, do swear, under penalty of perjury, that the responses and allegations contained in the Amended Answer attached hereto, are truthful and accurate to the best of my knowledge.

DATED: 5/6/10

_____
Gary Kevin Coats